## Illinois Central Railroad Company

*v.*

## Cobb, Christy & Co.

1.  MEASURE OF DAMAGES—*in action against a carrier for non-delivery of goods in proper time.*  In an action against a railroad company to recover damages for non-delivery of corn shipped by the plaintiff, within proper time, so that the corn, by reason of the delay in transportation, became damaged, and was therefore rejected on its arrival at the place of destination, by the party to whom it was shipped under a contract of purchase from the plaintiff, it appeared the plaintiff had re-sold to his vendor such portion of the corn as might be thus rejected, at the same price he had purchased it for:  *Held,* the measure of damages in the suit against the carrier was the contract price for which the plaintiff had sold the corn, less the amount received by him on his re-sale to his vendor.

2.  Where the plaintiff in such case had other corn than that delayed in transportation, at the place of destination, sufficient to fill his contract, and which he tendered to his vendee, but which the latter refused, the plaintiff could not recover damages based upon the contract price, but only upon the market value of the corn at the place of destination.

3. Evidence—*of sworn statements made by a party in another proceeding.* In an action against a.carrier for non-delivery of corn within proper time, whereby the corn was damaged, and therefore, as alleged by the plaintiff, rejected by the government, with whom he had a contract for the sale of a lot of corn, the defendant gave in evidence a petition filed by the plaintiff in the Court of Claims at Washington, signed and sworn to by him, stating certain facts affecting his right of recovery in the pending suit, and the petition thus shown was received as true.

Appeal from the Circuit Court of McLean county; the Hon. Thomas F. Tipton, Judge, presiding.

This was an action on the case, brought in the court below by Cobb, Christy & Co. for the use of Elihu Fallis, against the Illinois Central Railroad Company, to recover $50,000, the value of about 30,000 bushels of corn shipped by them through Ludington & Rood upon defendant's railroad in the spring of 1865. The plaintiffs charge that by the unreasonable delay of defendant in forwarding and delivering the same, it became unsound and worthless, to the damage to plaintiffs of $50,000.

The case, in its principal features, is like the preceding case between the same parties. A question arises as to the measure of damages as involved in the following instruction, which is the first in the series given for the defendant below:

"If the jury believe from the evidence that there was a controversy between the plaintiffs and Ludington & Rood about the inspection of the corn in controversy, and.that that was settled by an agreement between plaintiffs and Ludington & Rood that a Chicago inspector should go and re-inspect the grain, and that plaintiffs were to take and pay for all such as said inspector might pronounce good, and that Ludington & Rood were to take as their own all such as might be rejected by such inspector; and if the jury further believe from the evidence that said contract was carried out, and that Ludington & Rood did take all the rejected corn that did not

go into Cairo, and released plaintiffs from all liability to pay for such corn, then the plaintiffs can not recover in this case anything for the corn taken by Ludington & Rood, except the profit they might have made on the corn if it had passed inspection (if the jury believe from the evidence that plaintiffs would have made a profit on it if it had passed inspection) over and above what they would have had to pay Ludington & Rood for the grain, added to the freight on it to Cairo."

The plaintiffs recovered a judgment for $20,470 and costs, from which the defendant appealed.

Messrs. HAY, GREENE & LITTLER, and Messrs. WILLIAMS & BURR, for the appellant.

Mr. HAMILTON SPENCER, and Messrs. WELDON & BENJAMIN, and Mr. T. D. LINCOLN, for the appellees.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This case differs from the others between these parties, decided at the present term, in this respect: The corn was bought by Fallis from Ludington & Rood, but not paid for at the time. On the 2d of May, there being a dispute as to the liability of Cobb, Christy & Co. for the corn, Rood went to see them in Cincinnati, and they there paid him $15,000, under an agreement that Ludington & Rood should take back all rejected corn. Ludington & Rood did so; and the question now is, what is the measure of damages in this suit against the railway company for non-delivery of the rejected corn? The transaction at Cincinnati was the same as if Cobb, Christy & Co. had re-sold to Ludington & Rood all rejected corn at what it cost the former. It is plain that the only damage suffered by Cobb, Christy & Co. was the loss of what

10—64TH ILL.

their profits would have been on the rejected corn if it had arrived in proper time and order. They now claim to charge the railway company for the rejected corn at the price which they were to receive from the government, less the market value of the rejected corn, instead of deducting from the contract price the amount received by them on the re-sale to Ludington & Rood. On what ground they can insist on charging the railway company with their contract price for sound corn, and on crediting it with only the market price for rejected corn instead of what they realized on the rejected corn, we do not comprehend. The correct rule of damages was given to the jury by the circuit court in the first instruction for the defendant, which the jury seems to have disregarded.

On the trial of this case, and in one of the others, the defendant introduced in evidence a certified copy of a petition presented to the Court of Claims at Washington, by the plaintiff Cobb, in whose name the contract for the sale of the corn was made with the government, asking for judgment against the government for $80,845,53, on the ground that it had wrongfully refused to receive the corn under the contract. This contract has been set out in an opinion filed in another of these cases (*ante*, p. 128). This petition was signed and sworn to by Cobb on the 28th of July, 1869, and contains, among other things, the statement that he had on hand at Cairo the full amount of grain due under the contract, and tendered it, according to the terms of the contract, to the quartermaster, who required the petitioner to hold it for the government, promising to receive it from time to time, until on or about the 11th of April, 1865, he finally refused to receive it altogether.

We must accept this sworn statement as true. If it is not true, Cobb was not only guilty of perjury, but attempting, by this proceeding in the Court of Claims, to defraud the government out of a large sum of money. We can not suppose he would wish to be considered as preferring the latter alternative. This statement being true, it takes from the plaintiffs

all pretence of a right to recover damages based on the sale to the government. They had other corn at Cairo to fill that contract, and tendered it in vain. They therefore lost no profits on that contract because the corn in controversy in these suits did not reach Cairo in reasonable time, and can only recover damages based on the market value. The petition in question states the precise quantity of corn left by the quartermaster on Cobb's hands, to wit: 124,378 bushels.

In this case, therefore, there seems to be no right of recovery at all, unless it can be shown that the market price for good corn at Cairo, when this corn ought to have arrived, was greater than the price at which the plaintiffs resold to Ludington and Rood.

The judgment is reversed and the cause remanded.*

*Judgment reversed.*

---

*Illinois Central Railroad Co. *v.* Cobb, Blaisdell & Co.

Appeal from the Circuit Court of McLean county.

Mr. Chief Justice Lawrence : It is unnecessary to add anything in this case to what has been said in the preceding cases of the same appellant *v.* Cobb, Christy & Co., decided at the present term. The sworn statements of the plaintiffs, Cobb & Anich, in their petition to the Court of Claims, show that they have no right to recover damages based on their contract price with the Government. The verdict was therefore too large. It is unnecessary to discuss the instructions in detail. They can be modified on another trial in conformity with the views expressed in the opinions filed in the other cases. The judgment is reversed and the cause remanded. • *Judgment reversed.*

---

Illinois Central Railroad Co. *v.* McClellan.

Appeal from the Circuit Court of McLean county.

Mr. Chief Justice Lawrence : In this case the amount of the recovery was not based on a contract with the Government, as in the cases of this same appellant against Cobb, Christy & Co., decided at the present term, but on the sale of the corn at the place of shipment, McClellan being the shipper. There is, therefore, under the opinions filed in those cases, no ground of reversal. This is the same case formerly before the court, and reported in 54th Ill.

*Judgment affirmed.*

---

Illinois Central Railroad Co. *v.* Holden & Co.

Appeal from the Circuit Court of McLean county.

Mr. Chief Justice Lawrence : This case differs from the cases decided at this term between this same appellant and Cobb, Christy & Co , in the same way that the case of this appellant against McClellan decided at this term, differs from those cases. This and the McClellan case are alike, and this judgment must be affirmed. The opinions in those cases show the ground of affirmance.

*Judgment affirmed.*